UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | CASE NO. 94-70-JJF |
| JAWANDA E. HARRIS, | : | |
| Defendant | : | |
| and | : | |
| WILMINGTON MONTESSORI<br>1400 HARVEY ROAD<br>WILMINGTON, DE 19810, | :<br><br>: | |
| Garnishee | : | |

## APPLICATION FOR GARNISHEE ORDER

**COMES NOW**, the United States of America, plaintiff, makes application for the entry of the attached Garnishee Order, and in support of this application represents that:

1. A Writ of Continuing Garnishment, directed to Garnishee, was duly issued by the court and served upon the Garnishee and the debtor. A true and correct copy of the Writ is attached hereto as Exhibit A.

2. The Garnishee, **WILMINGTON MONTESSORI**, filed an Answer to the Writ, as required by 28 U.S.C. § 3205(b)((4), which identified personal property belonging to and due defendant that the Garnishee had in its possession or under its control at the time of the service of the writ. A true and correct copy of the Garnishee

Answer is attached hereto as Exhibit B.

3. The Answer of Garnishee disclosed that the Garnishee, **WILMINGTON MONTESSORI**, owed the defendant, **JAWANDA E. HARRIS** the sum of **$1,775.59** in non-exempt disposable earnings, and that defendant is paid on a monthly basis.

4. Pursuant to 15 U.S.C. § 1672(b), the United States is entitled to 25% of the defendant's disposable income.

5. No objection has been filed or served to the Answer of Garnishee nor has any hearing on same been requested within the 20 days time set forth in 28 U.S.C. § 3205(c)(5).

6. Accordingly, pursuant to 28 U.S.C. § 3205(c)(7), the Court should promptly enter an order directing the garnishee as to the disposition of the judgment debtor's non-exempt interest in property in the garnishee's possession, and should enter the attached Garnishment Order providing for payment to the United States of **6% of net earnings per pay** until the judgment against the defendant, including post-judgment interest and surcharge, if applicable, under 28 U.S.C. § 3011(a) is paid in full.

7. The judgment entered in favor of the United States and against the defendant in the amount of **$3,750.00**.

**WHEREFORE**, the United States respectfully requests that an Order be entered requiring that the Garnishee pay **6% of net earnings per pay** from defendant's non-exempt disposable earnings to plaintiff and continue said payments until the debt to the

plaintiff is paid in full or until the garnishee no longer has custody, possession or control of any property belonging to the defendant or until further Order of this Court.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

DOUGLAS E. MCCANN
Assistant United States Attorney

Date: May 24, 2006

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : CASE NO. 94-70-JJF |
| JAWANDA E. HARRIS, | : |
| Defendant | : |
| and | : |
| WILMINGTON MONTESSORI<br>1400 HARVEY ROAD<br>WILMINGTON, DE 19810, | :<br><br>: |
| Garnishee | : |

**GARNISHEE ORDER**

A Writ of Continuing Garnishment, directed to Garnishee, has been duly issued and served upon the Garnishee. Pursuant to the Writ of Continuing Garnishment, the Garnishee filed an Answer on **May 19, 2006**, stating that at the time of the service of the writ she had in her possession or under her control personal property belonging to and due defendant, and that Garnishee was indebted to defendant in the sum of **$1,775.59 monthly**. The current principal amount as of **May 23, 2006**, is **$3,220.00**.

On **April 28, 2006**, the defendant was notified of her right to a hearing and has not requested a hearing to determine exempt property.

**IT IS ORDERED** that Garnishee, and its successors or assigns, pay to the plaintiff from the defendant's earnings **either** sum of **6% of defendant's non-exempt net disposable earnings or** the amount by which disposable earnings exceed 30

times the Federal minimum wage, pursuant to 15 U.S.C. § 1673(a), until the debt to the plaintiff is paid in full or until the garnishee no longer has custody, possession or control of any property belonging to the debtor or until further Order of this Court.

**IT IS FURTHER ORDERED** that Garnishee submit payments to the Plaintiff as follows:

        Payee:        Clerk, U.S. District Court

        Address:     844 N. King Street
                         Wilmington, DE  19801

DATE: _____                   _____
                                        HONORABLE JOSEPH J. FARNAN, JR.
                                        United States District Court Judge

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,   :

    Plaintiff   :

    v.   :   CASE NO. 94-70-JJF

JAWANDA E. HARRIS,   :

    Defendant   :

    and   :

WILMINGTON MONTESSORI   :
1400 HARVEY ROAD
WILMINGTON, DE 19810,   :

    Garnishee   :



RECEIVED APR 20 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE

**WRIT OF CONTINUING GARNISHMENT**

TO:  WILMINGTON MONTESSORI
      1400 HARVEY ROAD
      WILMINGTON, DE 19810

An application for a Writ of Continuing Garnishment against the property of **JAWANDA E. HARRIS,** defendant, has been filed with this Court. A judgment has been entered against the above-named defendant in the amount of **$3,700.00**, computed through **March 14, 2006,** the total amount being **$3,220.00 (principal $3,220.00.)**

You are required by law to answer in writing, under oath, within ten (10) days, whether or not you have in your custody, control or possession, any property owned by the defendant, including non-exempt, disposable earnings.

Please state whether or not you anticipate paying the defendant any future

GOVERNMENT EXHIBIT A

payments and whether such payments are weekly ___, bi-weekly ___ or monthly ___.

You must file the original written answer to this writ within ten (10) days of your receipt of this writ with the **Clerk, United States District Court** at **4209 Federal Building, 844 N. King Street, Wilmington, Delaware 19801**. Additionally, you are required by law to serve a copy of your answer to this writ upon the defendant at **Jawanda E. Harris, 202 W. 35th Street, Apt. 2B, Wilmington, Delaware 19802**, and upon the **United States Attorney's Office** at **1007 Orange Street, Suite 700, Wilmington, Delaware 19899, Attn: Reneé A. Austin**.

Under the law, there may be property which is exempt from this writ.

Pursuant to 15 U.S.C. §1674, you are prohibited from discharging the defendant from employment by reason of the fact that the defendant's earnings have been subject to garnishment for any one indebtedness.

You are required to withhold and retain any property in which the defendant has a substantial non-exempt interest. You must continue to withhold and retain any of the defendant's property that comes into your possession until the writ is paid in full or judgment is terminated.

If you fail to answer this writ or withhold property in accordance with this writ, the United States of America may petition the Court for an order requiring you to appear before the Court. If you fail to appear or do appear and fail to show good cause why you failed to comply with this writ, the Court may enter a judgment against you for the value of the defendant's non-exempt property. It is unlawful to pay or deliver to the defendant any item attached by this writ.

**PETER T. DALLEO**

_____
**CLERK, U.S. DISTRICT COURT**
By: _Auste Bolton_
Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : CASE NO. 94-70-JJF |
| JAWANDA E. HARRIS, | : |
| Defendant | : |
| and | : |
| WILMINGTON MONTESSORI<br>1400 HARVEY ROAD<br>WILMINGTON, DE 19810, | :<br><br>: |
| Garnishee | : |

### ANSWER OF THE GARNISHEE

*Helen Fath*, hereby certifies that:
(Affiant)

IF GARNISHEE IS AN INDIVIDUAL:

That he/she is Garnishee herein doing business in the name of _____

_____ (State full name and address of business)

IF GARNISHEE IS A PARTNERSHIP:

That he/she is a member _____ of a partnership composed of

which Garnishee is a partner.

IF GARNISHEE IS A CORPORATION:   *Human Resourse Director*

That he/she is the (State Official Title) _____ of Garnishee, *WMS*

a corporation, organized under the laws of the State of *DE*.

GOVERNMENT EXHIBIT *b*

On _____, 2006, Garnishee was served with the Writ of Continuing Garnishment. For the pay period in effect on the date of service (shown above):

Yes  No

X   ___   1.  Defendant is in my/our employment.

         2.  Pay period is ___ weekly, ___ bi-weekly

             ___ semi-monthly, X monthly.

             Enter date present pay period began.

             (Present means the pay period in which

             this order and notice of garnishment were

             served) DATE: 5/1/06

         3.  Enter amount of net wages. Calculate below:

             (a) Gross Pay                    $2146.00

             (b) Federal income tax            134.38

             (c) F.I.C.A. income tax           164.17

             (d) State income tax               45.03

             (e) City/local income tax          26.83

             Total of tax withholdings       $ 370.41

             Net Wages                       $1775.59
             (a less total of b,c,d,e)

YES  NO

___   X   4.  Have there been previous garnishments in effect?

          If the answers is yes, describe below.

         5.  The Garnishee has custody, control or possession of the following property (non-earnings), in which the Defendant maintains an interest, as described below:

| Description of Property | Approximate Value | Description of Defendant's Interest in Property |
|---|---|---|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |
| 3. _____ | _____ | _____ |
| 4. _____ | _____ | _____ |

Garnishee anticipates owing to the judgment-defendant in the future, the following amounts:

| Amount | Estimate date or Period Due |
|---|---|
| 1. $_____ | _____ |
| 2. $_____ | _____ |
| 3. $_____ | _____ |
| 4. $_____ | _____ |

Check the applicable line below if you deny that you hold property subject to this order of garnishment.

___ The Garnishee makes the following claim of exemption on the part of Defendant:

_____

___ Or has the following objections, defenses, or set-offs to Plaintiff's right to apply Garnishee's indebtedness to Defendant upon Plaintiff's claim: _____

_____

___ The Garnishee has in no manner and upon no account been indebted or under liability to the Defendant, **JAWANDA E. HARRIS**, and that the Garnishee has not possessed or control any property belonging to the Defendant.

## CERTIFICATION OF SERVICE OF GARNISHEE

I, _Helen Fath on behalf of WMS_, Garnishee, certify that a copy of the foregoing Answer of Garnishee was served by first-class mail to (1) the Defendant, (please give name and address):

_Tawanda Harris_
_202 W. 35th St., Apt 2B_
_Wilm, DE 19802-2613_

and (2) the United States Attorney's Office at; 1007 Orange Street, Suite 700, Wilmington, Delaware 19899, Attn: Reneé A. Austin and (3) the Original mailed to Clerk, U.S. District Court, 844 N. King Street, Wilmington, Delaware 19801.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT, EXECUTED THE _18_ DAY OF _May_, 2006.**

_Helen M Fath_
Garnishee _on behalf of WMS._

Subscribed and sworn to before me this
_18_ day of _May_, 2006.

_Elizabeth Valley_
Notary Public
(Seal)
My Commission expires: _April 14, 2007_